**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELVIS MUPENZI,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2992

Agency No.
A215-597-894

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2025[**]
Phoenix, Arizona

Before: HAWKINS, W. FLETCHER, and R. NELSON, Circuit Judges.

Elvis Conrad Mupenzi, a native and citizen of Rwanda, petitions for review

of the Board of Immigration Appeals' ("BIA") decision denying his request for

asylum, withholding of removal and protection under the Convention Against

Torture ("CAT"). Mupenzi also asserts that his due process rights were violated

when the Immigration Judge ("IJ") denied him an opportunity to provide

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

corroborating documents after his testimony was deemed not credible. We deny the petition for review.

This Court's review is "limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Soriano-Vino v. Holder*, 653 F.3d 1096, 1099 (9th Cir. 2011) (citation omitted). We review the Agency's factual findings, such as adverse credibility determinations, for substantial evidence. *Singh v. Holder*, 638 F.3d 1264, 1268-69 (9th Cir. 2011). We review legal challenges, including due process challenges to Agency hearings, de novo. *See Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019) (per curiam); *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

Substantial evidence supports the Agency's adverse credibility finding. Under the REAL ID Act, "[i]nconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). Both inconsistencies identified by the IJ—the length of Mupenzi's detention and the identity of his father—go directly to the veracity of Mupenzi's fear of harm in Rwanda. Mupenzi's attempts to explain the inconsistencies do not compel the conclusion that he was a credible witness.

Substantial evidence supports the Agency's denial of Mupenzi's requests for asylum and withholding of removal. To obtain asylum, an applicant must

demonstrate that he is "unable or unwilling to avail himself . . . of the protection of [his native] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Flores Molina v. Garland*, 37 F.4th 626, 633 (9th Cir. 2022). Without Mupenzi's testimony, there is no evidence in the record showing, or even suggesting, that he would suffer persecution based on a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). Because Mupenzi failed to establish a nexus between a protected ground and his fear of harm, he was also ineligible for withholding of removal. *See id.*

Substantial evidence also supports the Agency's denial of CAT protection. When a petitioner is found not credible, the documentary evidence alone must compel the conclusion that he is "more likely than not" to be tortured upon removal. *Shrestha*, 590 F.3d at 1048-49. The documentary evidence in the record—describing generalized violence and mistreatment of political dissidents in Rwanda—does not compel the conclusion that it is more likely than not that Mupenzi will be tortured if he is removed to Rwanda. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

Mupenzi's due process rights were not violated during the Agency's proceedings. When, after a hearing, an IJ finds a petitioner's testimony "not credible, the IJ [is] not required to give . . . notice and an opportunity to provide

additional corroborating evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

The petition for review is **DENIED**.